[No. 8181.   Department Two.   January 8, 1910.]

CLARENCE E. MAYNARD, *Appellant*, v. FIRST BANK OF
COLTON, *Respondent*.[1]

COMPROMISE AND SETTLEMENT—MISTAKE—EVIDENCE—SUFFICIENCY.
A finding that there was no mistake or fraud in a compromise and
settlement is justified by the evidence, where after action brought
upon an account extending over a period of years, the parties got
together, the accounts were gone over, item by item, and $3,550 was
finally paid in full satisfaction of claims amounting to $4,743.85;
and it appears that the claim of mistake related to a note of $700
and interest which had been twice charged in the account, which
double charge was admitted, but there was evidence that a credit
was given for the double charge prior to the settlement, and the note
was one of the disputed items in the settlement.

Appeal from a judgment of the superior court for Whit-
man county, Chadwick, J., entered March 31, 1908, upon
findings in favor of the defendant, after a trial on the merits
before the court without a jury, in an action on contract.
Affirmed.

*Thomas Neill*, for appellant.

*Hanna & Hanna*, for respondent.

MOUNT, J.—The appellant brought this action to recover
the sum of $912, alleged to be owing to him from the respond-
ent.  The cause was tried to the court without a jury.  At the
close of all the evidence, the trial court was of the opinion
that the amount in controversy had been adjusted by accord
and satisfaction prior to the bringing of the action, and for
that reason dismissed the case.  The plaintiff has appealed
from that order.

It appears that, in the year 1905, the respondent brought
an action against the appellant, alleging that appellant was
indebted to the respondent on three causes of action, in the
amount of $4,743.85, besides interest.  The cause never came

[1]Reported in 106 Pac. 182.

to trial because the parties got together, and the accounts, which had extended over a period of years, were submitted item by item, and were finally settled, the appellant paying to the respondent the sum of $3,550 in full satisfaction of the account. After this settlement was made, the appellant was informed by a former employee of the bank that a note of $700 and interest had been twice charged to his account, and by the settlement was paid twice. The appellant claimed that he had not been informed and did not know of this fact at the time of the settlement. The fact of the settlement is admitted, and the fact that the note was charged twice to appellant's account is also admitted. But there is evidence that a credit was given for the double charge prior to the settlement. At the time of the settlement, the full statement of all of the items of appellant's account was submitted to him, and among these items appeared this note with interest. Some of the items were disputed and some were not. This note was among the undisputed items. The parties finally agreed upon a compromise of the whole dispute for a sum much less than the respondent's original claim. This settlement is of course conclusive, unless it can be set aside for mistake or fraud. In order to meet the evidence that the double charge had been corrected prior to the settlement, as it appeared on the books of the respondent, the appellant testified that he had made a deposit of cash of the same amount as the note on the same day that the note was credited back to his account, and that, instead of entering the cash deposited, the credit was entered as of the note. The trial court, however, was not convinced that such was the fact, and concluded that the evidence was not sufficient to justify a finding of mistake or fraud, and therefore dismissed the case, and we think the trial court was justified therein.

The judgment must therefore be affirmed, and it is so ordered.

Rudkin, C. J., Crow, Parker, and Dunbar, JJ., concur.